MENG QIANG TANG, Petitioner,

v.

BUREAU OF CITIZENSHIP AND
IMMIGRATION SERVICES,
Respondent.

No. 07–5003–ag.

United States Court of Appeals,
Second Circuit.

June 25, 2008.

John Chang, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Anthony C. Payne, Senior Litigation Counsel; Lindsay E. Williams, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES and Hon. ROBERT D. SACK, circuit Judges.

### SUMMARY ORDER

Petitioner Meng Qiang Tang, a native and citizen of the People's Republic of China, seeks review of the October 29, 2007 order of the BIA denying his motion to reopen. *In re Meng Qiang Tang*, No. A75 841 706 (B.I.A. Oct. 29, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (citations omitted). In reviewing the BIA's denial of a motion to reopen, we remain mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See Maghradze v. Gonzales*, 462 F.3d 150, 154 (2d Cir.2006) (citing *INS v. Abudu*, 485 U.S. 94, 107, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988)).

We conclude that the BIA did not abuse its discretion in denying Tang's motion to reopen as untimely. As the BIA noted, its prior decision was issued in December 2002, and Tang did not file his motion until August 2007, well beyond the 90–day deadline. *See* 8 C.F.R. § 1003.2(c)(2). The BIA also properly found that Tang's motion did not qualify for an exception to the time limitation. *See id.* It is well settled that the birth of U.S. citizen children is not evidence of changed conditions in China. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130–31 (2d Cir.2005).

We find no abuse of discretion in the BIA's consideration of evidence that allegedly demonstrated changed country conditions. The BIA specifically analyzed evidence that was unique to Tang, his mother's letter and the notice from the Villagers' Committee, and found other evidence unpersuasive because it either did not concern Tang or was similar to evidence that the BIA had previously found

insufficient to establish changed country conditions. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006); *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 337 n. 17 (2d Cir.2006).

■ Before this Court, Tang does not challenge the BIA's finding that much of the evidence he submitted was similar to that it found unpersuasive in *Matter of S–Y–G–,* 24 I. & N. Dec. 247, 254 (BIA 2007). Rather, he argues that the BIA ignored two pieces of evidence, an article about a woman from Hong Kong who was pregnant with her third child and a Hindu News Update Service article, without explaining how these documents satisfy his burden to reopen proceedings. Absent compelling evidence in the record, we will not presume that the agency ignored the evidence. *See Xiao Ji Chen,* 471 F.3d at 337 n. 17.

■ We find no error in the BIA's decision to afford no weight to the notice Tang submitted, which was allegedly issued by the Villagers' Committee of Yijiang Village. *See id.* at 342 (the weight afforded to evidence lies largely within the agency's discretion). Contrary to Tang's assertion that the agency did not explain its determination, the BIA provided several reasons for declining to give the notice weight, including that the document was an unauthenticated copy, and that the letter from his mother did not corroborate the information contained in the notice. Indeed, in light of the IJ's prior adverse credibility finding, the BIA was entitled to view with skepticism evidence Tang submitted that depended on his credibility for its probative value. *See Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 146–147 (2d Cir. 2007); *Kaur,* 413 F.3d at 234.

■ Finally, with respect to Tang's argument regarding his "successive" asylum application, remand for consideration of the application would be futile where the BIA properly found that Tang failed to establish his *prima facie* eligibility for asylum. *See Xiao Ji Chen,* 471 F.3d at 338–39; *Iavorski v. INS,* 232 F.3d 124, 134 (2d Cir.2000).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, petitioner's pending motion for a stay of removal is DISMISSED as moot.